JOHN SUTHERLAND, ADMINISTRATOR, ETC., OF JAMES M. FAIR, DECEASED, PLAINTIFF, *v.* JAMES RONALD, EXECUTOR, ETC., OF JAMES F. DAWSON, DECEASED, DEFENDANT.

*Legatee — action for legacy — construction of will.*

A legatee cannot maintain an action for the sole purpose of obtaining a construction of a will.

He may sue for his legacy in the mode prescribed by statute (2 R. S., 114, §§ 9, 10, 11), or in a proper case he may resort to a court of equity, but in the latter case all persons interested in the matter must be brought in as parties.

CONTROVERSY submitted without action.

The case submitted for adjudication states that the defendant's testator executed a will dated the 24th of September, 1870, and died soon after; which will contained the following, among other bequests, to wit: "After all my lawful debts are paid and discharged, I give and bequeath to my nephew, James M. Fair, the sum of $1,000, to be placed on interest by my executor and paid, both principal and interest, to the said James M. Fair when he becomes of the age of twenty-one years."

That on the 29th April, 1876, said James M. Fair died at the age of fifteen years and eight months, leaving a half-sister, the daughter of the plaintiff, his next of kin; that the plaintiff has been appointed administrator of the goods, etc., of said Fair, and as such has demanded of the defendant payment of said legacy; that defendant, as executor of said will, has invested and kept at interest the sum of $1,000 bequeathed to said Fair, and that he is ready and willing to pay the same to the plaintiff if the will legally interpreted permits him to do so. The will gave the residue of the estate to the testator's brothers and sisters living, and the children of such as were dead.

The questions submitted are: First. Is the legacy to Fair a vested legacy which passes at his decease to his next of kin? And second. If vested, is it payable *in presenti* to his administrator, or must the defendant retain it and its accumulations, until such time as James M. Fair would, if living, have arrived at the age of twenty-one years? The case is submitted without argument, oral or written.

*H. C. Kingsbury*, for the plaintiff.

*Austin Smith*, for the defendant.

SMITH, J. :

We have not had the benefit of an argument by counsel in this case. Our impressions, however, are very decided, that no judgment can be rendered, other than for the defendant, without prejudice to an action by the plaintiff for the legacy, under the statute, on filing a bond as therein required. (2 R. S., 114; §§ 9, 10, 11.) A legatee cannot maintain an action for the sole purpose of obtaining a construction of a will. He may sue for the legacy, and the suit may involve construction, but if he sues at law, it must be in the mode prescribed by statute. At common law, a suit for a legacy did not lie. (*Deeks* v. *Strutt,* 5 T. R., 690; *Pelletreau* v. *Eden,* 18 Johns. R., 428.) He may, in a proper case, resort to a court of equity, or the executor may bring an action to obtain a construction of the will, but if either of the last two remedies be pursued, all persons having an interest, as, in this case, the residuary legatees, must be made parties. (See *Hobart College* v. *Fitzhugh,* 27 N. Y., 130; op. MARVIN, J., pp. 133, 134.)

Proceeding dismissed without judgment, and without costs to either party.

Present — MULLIN, P. J., TALCOTT and SMITH, JJ.

Proceedings dismissed without judgment, and without costs to either party.